IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PAUL WYSONG, et al., | : | CASE NO. 3:17-cv-00048 |
| Plaintiffs, | : | Judge Walter H. Rice |
| | | Magistrate Judge Sharon Ovington |
| v. | : | |
| JUDY NAGENGAST, et al., | : | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY** |
| | : | **AGREEMENT** |
| Defendants. | | |
| | : | |

WHEREAS, Plaintiffs Paul and Chelsea Wysong ("Plaintiffs") and Defendants Judy Nagengast and Continental Design Co., Inc. ("Defendants") (individually, the "Party," and collectively, the "Parties") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between Plaintiffs and Defendants ("this Action"), the Parties may be required to disclose financial information, trade secrets information or other confidential and proprietary information within the meaning of Fed. R. Civ. P. 26(c);

WHEREAS the Parties, through Counsel, have stipulated to this Stipulated Protective Order and Confidentiality Agreement ("Protective Order") pursuant to Fed. R. Civ. P. 26(c) to prevent disclosure of such confidential and proprietary information; and

WHEREAS the Parties agree that this Protective Order shall be effective and binding throughout all proceedings relating to this Action, and shall apply to all discovery in this Action, including discovery of non-parties, who shall be entitled to designate documents or testimony in accordance with this Protective Order.

IT IS ORDERED AS FOLLOWS:

1.      All information that has been provided by the Parties in the course of this Action or will be produced by the Parties in the course of this Action shall be used solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

2.      A Party or Parties who are producing, using or disclosing ("Producing Party") information or documents (as defined by Fed. R. Civ. P. 34(a)) or any summaries or compilations derived there from, including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of format ("Discovery Material") may designate the Discovery Material produced, used or disclosed in connection with this Action as "CONFIDENTIAL," subject to the protections and requirements of this Protective Order, if so designated in writing to the other Parties by affixing, or causing to be affixed, such designation to any document or piece of information, or orally if recorded as part of a deposition, pursuant to the terms of this Protective Order.

3.      Any Discovery Material designated as "CONFIDENTIAL" shall be maintained as confidential, not to be disclosed, and shall be used by the Party or Parties receiving such Discovery Material ("Receiving Party") solely in connection with this Action and shall not be disclosed to anyone other than:

> A.      The Court, including court personnel, any court exercising appellate jurisdiction over this Action, and stenographers transcribing a deposition;

2

B.   The Receiving Party, and employees for a Receiving Party to whom it is necessary that the material be shown for purposes of this Action and who have signed a Declaration in the form of Exhibit A attached;

C.   Outside counsel of record who are signatories to this Protective Order for a Receiving Party and employees of such attorneys and law firms to whom it is necessary that the material be shown for purposes of this Action;

D.   Independent experts, consultants, investigators, or advisors of a Receiving Party, who are qualified by knowledge, skill, experience, training or education and retained by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have signed a Declaration in the form of Exhibit A attached;

E.   Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors and jury consultants who are engaged to assist in the preparation or trial of this Action and to whom it is necessary that the material be shown for purposes of this Action, and who have signed a Declaration in the form of Exhibit A attached; and

F.   Potential witnesses to the extent the Discovery Material was authored by or addressed to the person or such person is

3

established as knowledgeable of such information or contents of
the Discovery Material prior to disclosing the Discovery Material.

4.      In the case of a document or thing, a designation of "CONFIDENTIAL"
shall be accomplished by marking every page of the document or conspicuously marking the
thing with the appropriate legend "CONFIDENTIAL" in a manner that shall not interfere with
the legibility of the information contained in the Discovery Material.

5.      As set forth in this paragraph and its subparts, information conveyed or
discussed in testimony at a deposition shall be subject to this Protective Order, provided that it is
designated as "CONFIDENTIAL" orally or in writing either at the time of the deposition or after
receipt by the Parties of the transcript, as provided in this Protective Order.

A.      For such time as any Discovery Material designated
"CONFIDENTIAL" are disclosed in a deposition, the Party whose
information or document is to be disclosed shall have the right to
exclude from attendance at that portion of the deposition any
person who is not entitled to receive such information or document
pursuant to this Protective Order.

B.      In the event that a party believes that "CONFIDENTIAL"
information will be disclosed during a deposition, counsel for the
Party may designate on the record that all or specific portions of
the deposition transcript, and the information contained therein, is
to be treated as "CONFIDENTIAL."

C.     If not orally designated during a deposition, a Party shall have twenty-one (21) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript as "CONFIDENTIAL," as appropriate. If, within such twenty-one (21) days, no Party designates portions of the transcript as "CONFIDENTIAL," all Parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality except as otherwise required by this Protective Order.

6.     In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONFIDENTIAL," the portion of the report reflecting such information shall be stamped "CONFIDENTIAL," and access to the portion so designated shall be limited pursuant to the terms of this Protective Order. The Party retaining the expert shall be responsible for the initial stamping of such report.

7.     In the event that any Party wishes to submit to the Court any documents, materials or information designated as "CONFIDENTIAL" under this Protective Order, such Party shall move the Court to permit leave to file such material under seal, as well as follow those procedures identified in S.D. Ohio Civ. R. 5.2.1. Nothing in this subsection shall be construed to permit the Parties to decide what is filed under seal, as that is within the sole province of the Court. Upon the appropriate order of the Court, all documents that are to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this Action, an indication of the nature of the contents of such

sealed envelope or container, the words "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or substantially similar language.

8.      Nothing in this Protective Order shall be construed to restrict the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding; provided, however, that the use or disclosure of "CONFIDENTIAL" Discovery Material at trial or any other court proceeding shall be addressed by this Court at the appropriate time.  Counsel for the Parties agree to confer in good faith about procedures for handling Discovery Material designated "CONFIDENTIAL" during trial or any hearing in open Court of this action, including the possibility of an additional order.

9.      Nothing shall be designated as "CONFIDENTIAL" if it is information that:

A.      is in the public domain at the time of disclosure;

B.      becomes part of the public domain through no action or fault of the other Parties, the Receiving Party, or counsel, or any expert, or other person to whom disclosure is permitted pursuant to this Protective Order;

C.      was in the rightful and lawful possession of the Receiving Party at the time of disclosure on a non-confidential basis from a source other than the Producing Party, provided that such source is not bound by a confidentiality agreement with the Producing Party; or

D.     is lawfully received by the Receiving Party at a later date from a Party without restriction as to disclosure, provided such Party has the right to make the disclosure to the Receiving Party.

10.     The failure of a producing party to designate Discovery Material as "CONFIDENTIAL" in accordance with this Protective Order, and the failure of a Receiving Party to object to such a designation, shall not preclude the Party at a later time from subsequently designating or objecting to the designation of such Discovery Material as "CONFIDENTIAL." The Parties understand and acknowledge that a Producing Party's failure to designate Discovery Material as "CONFIDENTIAL" at or within the time specified in this Protective Order relieves the other Parties of any obligation of confidentiality until the designation is actually made.

11.     Unless otherwise permitted, within ninety (90) days after the conclusion of this lawsuit, including all appeals, all documents designated as "CONFIDENTIAL," all copies of documents designated as "CONFIDENTIAL," and all excerpts there from in the possession, custody or control of the Receiving Parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the Producing Party. However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone. Upon request, a Party and its counsel shall separately provide written certification to the Producing Party that the actions required by this paragraph have been completed.

12.     Notwithstanding anything in this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not prohibit the disclosure by any Party

7

of any Discovery Material required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a Party is required to disclose the Discovery Material designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the Party shall give immediate advance written notice of any such requested disclosure to the counsel of the other Party or Parties to afford the original Producing Party the opportunity to seek legal protection from the disclosure of such Discovery Material.

   13. This Protective Order shall be without prejudice to the right of any Party:

    A. to have determined by motion, at any time, whether any Discovery Material has been improperly designated as "CONFIDENTIAL," in which event, the Party asserting confidentiality shall have the burden of establishing the confidentiality of the Discovery Material; and

    B. to apply to the Court for relief from any of the requirements of this Protective Order, for good cause.

Prior to filing any motion under Paragraph 13.A, the Party challenging the propriety of a designation must first notify the Producing Party in writing of the specific documents that it believes are improperly designated as "CONFIDENTIAL" and must specify the bases for why the Party believes such a designation is improper.  Within seven (7) days after receiving such notification, the Producing Party shall provide the other Party with a written response that, for each challenged document, provides an explanation for why the designation is proper, or states that the designation will be removed or that the document will be re-designated.  Following the

response from the Producing Party, the Parties must confer in good faith regarding any dispute as to the propriety of a designation of "CONFIDENTIAL."

14. The attorneys of record for the respective Receiving Parties shall retain the original, executed Declarations (in the form of Exhibit A attached) that have been executed by any person to whom Discovery Material designated as "CONFIDENTIAL," pursuant to this Protective Order.

15. If discovery is sought of a person or entity not a party to this Action ("Third Party") requiring disclosure of such Third Party's information that may properly be designated "CONFIDENTIAL," the Third Party may designate such information "CONFIDENTIAL," and it will be accorded the same protection as the Parties' "CONFIDENTIAL" information.

16. In the event that any Discovery Material designated as "CONFIDENTIAL" is disclosed, through inadvertence or otherwise, to any person not authorized under this Protective Order, then the Party who disclosed the Discovery Material ("Disclosing Party") shall use its best efforts to bind such person to the terms of this Protective Order; and the Disclosing Party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Party or Third Party (as defined in paragraph 15 above) that designated the document as "CONFIDENTIAL"; and (c) request such person to sign a Declaration in the form of Exhibit A. The executed Declaration shall be promptly served upon the Party or Third Party designating the Discovery Material as "CONFIDENTIAL."

17.     The production or disclosure of any document (including but not limited to email or other electronic documents) or thing otherwise protected by the attorney-client privilege or work-product protection (as defined by Fed. R. Evid. 502(g)) ("Disclosed Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information or its subject matter.  The Producing Party may assert, in writing, the attorney-client privilege or work product protection with respect to the Disclosed Protected Information.  The Receiving Party shall, within five (5) days of receipt of that writing, return or destroy the Disclosed Protected Information and any and all copies thereof or references thereto and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

A.     If the Receiving Party disputes and wishes to contest that any such Disclosed Protected Information is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the Disclosed Protected Information (and all copies) are returned to the Producing Party.

B.     Within seven (7) days after receiving such notification, the Producing Party shall provide to the Receiving Parties a list identifying in detail all such returned Disclosed Protected Information and stating the basis for the claim of privilege or immunity.

C.   Within seven (7) days of receiving such a list, the Receiving Party or Parties may file a motion to compel production of such Disclosed Protected Information, the protection of which is still disputed (a "Privilege Motion").  If a Privilege Motion is filed, the Producing Party shall have the burden of proving that the Disclosed Protected Information in dispute is protected by the attorney-client privilege or by work-product immunity.  The parties filing the Privilege Motion shall seek leave of Court to file the Privilege Motion under seal and shall not assert as a ground for compelling production the fact or circumstances of the production.

D.   With respect to Disclosed Protected Information subsequently generated by a Receiving Party, which derivative Disclosed Protected Information contains information derived from such produced Disclosed Protected Information, if the Receiving Party does not obtain an order compelling production pursuant to a timely filed Privilege Motion, the Receiving Party shall, within five (5) days after learning of the denial of the Privilege Motion, either destroy the derivative Disclosed Protected Information or redact from them all such derivative privileged or work-product information in a manner such that the derivative privileged or work-product information cannot in any way be retrieved, inferred or reproduced.

E.      Nothing in this paragraph shall limit a Party's ability to assert to the Court that a disclosing party's affirmative use of Disclosed Protected Information in this Action in fairness requires disclosure of privileged or work product protected information pursuant to Fed. R. Evid. 106 or 502(a).

18.     All references to "days" in this Protective Order construed as calendar days unless specifically identified as otherwise.  If the last day of the period falls on a Saturday, Sunday or legal holiday, then the due date is the next business day.

19.     This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the Parties, collectively shall be deemed to be the original.

20.     The Parties agree to abide by and be bound by the terms of this Protective Order upon signature as if the Protective Order had been entered on that date.

21.     Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to all counsel of record for the Party to whom notice is required to be given.

22.     The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary, and any Party may apply to the Court at any time for an amendment, modification, or addition to this

Protective Order.  This Protective Order shall survive the final disposition of this Action, by judgment, dismissal, settlement, or otherwise.

       23.    The Parties may, by stipulation, provide for exceptions to this Protective Order and any Party may seek an order of this Court modifying this Protective Order.

SO ORDERED this _14th_ day of _march_____, 2017.

                                 _____

                                   UNITED STATES DISTRICT JUDGE

THIS PROTECTIVE ORDER IS
STIPULATED AND AGREED BY:


/s/ Jeffrey T. Cox                                      /s/ Jason P. Matthews
Jeffrey T. Cox (0055420)                        Jason P. Matthews (0073144)
    Trial Attorney                                      Trial Attorney
Stephen A. Weigand (0083573)              JASON P. MATTHEWS, LLC
FARUKI IRELAND COX RHINEHART &      130 West Second Street, Suite 924
DUSING P.L.L.                                        Dayton, OH 45402
110 North Main Street, Suite 1600          Email: Jason@daytonemploymentlawyers.com
Dayton, OH 45402
Telephone: (937) 227-3704                     Attorneys for Plaintiffs Paul Wysong and
Telecopier: (937) 227-3717                     Chelsea Wysong
Email: jcox@ficlaw.com
        sweigand@ficlaw.com

Attorneys for Defendants
Judy Nagengast and Continental Design Co.,
Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

PAUL WYSONG, et al.,                    :        CASE NO. 3:17-cv-00048

             Plaintiffs,          :        Judge Walter H. Rice
                                            Magistrate Judge Sharon Ovington

v.                                      :

JUDY NAGENGAST, et al.,                 :        **EXHIBIT A TO STIPULATED**
                                                 **PROTECTIVE ORDER AND**
                                        :        **CONFIDENTIALITY AGREEMENT**
             Defendants.

                                        :

_____

_____, declares and undertakes as follows:

      My address is _____

_____

      My present employer is _____

_____

      My present occupation or job description is _____

_____

      I have received and read a copy of the Stipulated Protective Order and

Confidentiality Agreement entered by this Court in the lawsuit identified in the above caption

(the "Protective Order"). I am familiar with its terms and conditions. I agree to comply with and

to be bound by each of the terms and conditions of the Protective Order and by such other orders

as may be made by the Court. In particular, I agree to hold in confidence, in accordance with the

requirements of the Protective Order, any information and material disclosed to me pursuant to

the Protective Order and, unless permitted by further order of the Court, not to communicate the contents of such information and material to any person other than a person permitted access pursuant to the terms of the Protective Order.

To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order.  I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me.  I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed.  I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____         SIGNATURE:_____

2